I! KLIEBERT, Chief Judge.
The plaintiffs, Rose, Ronnie, and Terry Wilson, appealed devolutively from a judgment of the trial court dismissing their “claim for reimbursement” for alleged improvements made on land claimed by the defendant, Paul Capitano, and rejecting their claim that a dation en paiement executed in favor of defendant was null. For the reasons hereinafter stated, we affirm the trial court’s ruling.
On April 7,1987 plaintiffs filed suit against defendant seeking to have declared null a dation en paiement by Rose Wilson to defendant dated August 1, 1985 and requesting to be placed in possession of the property covered thereby located at 1320 Rose Garden Drive in the Parish of Jefferson. The grounds alleged for declaring the instrument null were (1) it was executed under duress, (2) it was not authentic, and (3) as the obligation purported to be extinguished amounted to less than one-half of the value of the subject property, “lesion beyond moiety” applied.
The defendant, Paul Capitano, answered the petition generally denying its allegations and setting forth that he had built a double occupancy house on Bonnabel Boulevard in Jefferson Parish and had allowed his sister, petitioner Rose Capitano Wilson, and the other two petitioners, her sons, to live there, in one-half 12thereof, until he moved to 1320 Rose Garden Drive, at which time they were allowed to use the whole of the Bonnabel property.
On May 20, 1987 the plaintiffs filed a supplemental petition alleging that subsequent to filing their petition, above described, they had been served by defendant with a Notice of Eviction based on an Order of the Fifth Justice of the Peace Court of the Parish of Jefferson, which ordered their eviction from the residence at 1129 Bonnabel Boulevard. The plaintiffs further alleged in their supplemental petition that from the time Rose Cap-itano Wilson purchased the property at 1320 Rose Garden there was a reciprocal agreement under which the defendant lived at *698 1320 Rose Garden without the payment of rent and the plaintiffs lived at 1129 Bonnabel Blvd., owned by the defendant, also without the payment of rent. This reciprocal agreement was alleged to have been in existence since on or about January, 1972, thus placing plaintiffs in the position of assuming that of plaintiffs in a possessory action and entitled to having vacated the disturbance created by the judgment of the Justice of the Peace Court ordering their eviction. The petition then goes on to allege that plaintiff Rose Capitano Wilson contracted for the design and construction of the building located at 1129 Bonnabel Boulevard and that she is entitled to be compensated fully for the appreciated value of the property resulting from the improvements made by her. A temporary restraining order was issued enjoining the execution of the eviction judgment and a rule to show cause issued ordering defendant to show cause why he should not pay for the alleged improvements to 1129 Bonnabel Boulevard and why plaintiffs should not be allowed to remain in peaceful possession until such reimbursement was made in full.
The supplemental petition was met with several exceptions filed by defendant including Unauthorized Use of Summary Proceeding and Improper Cumulation of Actions, it being asserted that two distinct and separate pieces of property were involved and that summary process was an unauthorized procedure used to bypass the appeals process from the Justice of the Peace Court. Additionally, lathe defendant answered the supplemental petition denying its averments, setting forth the affirmative defense that any monies due Rose Capitano Wilson had been fully reimbursed by him and, finally, that he was the actual possessor of 1129 Bonnabel Boulevard and that the petitioner was at best a precarious possessor under Civil Code Art. 3437, et seq. On March 29, 1989 defendant filed a supplemental answer asserting prescription was a defense to any claim for monies owed to plaintiffs.
Following the filing of pre-trial orders and memoranda, the plaintiffs, on October 5, 1989, filed an amending petition wherein it was alleged as an additional ground for the annulment of the dation en paiement that no payments had been made on the note of March 8, 1972 in the amount of $24,000.00, and that, therefore, it had prescribed.
Exceptions of Prescription and No Right or Cause of Action were filed by defendant on January 28, 1991.
On June 19, 1991 judgment was rendered by the trial court dismissing the defendant’s exception of prescription and apparently granting the exception of no cause of action by dismissing the plaintiffs’ claims for reimbursement for the improvements constructed on the defendant’s property at 1129 Bonnabel Boulevard.
In dismissing the plaintiffs’ claims the trial court reasoned as follows:
“Under Louisiana Civil Code Article ‘to acquire possession, one must intend to possess as owner and take corporeal possession of the thing.’ Louisiana Civil Code Article SJpZl (West, 1991). No intent of the plaintiffs to possess the property as owners has been shown. Thus, according to their supplemental petition, plaintiffs are tenants, not possessors within the meaning of Louisiana law.
There are no provisions for lessees to be reimbursed for improvements made to the property that they occupy. Plaintiffs remedy is found in Louisiana Civil Code Articles 2726, and 493.
Article 2726, Improvements and Additions Made by Lessee, states ‘The right of the lessee to remove improvements and additions he has made to the thing is governed by Articles 493, 493.1 ... ’
Article 493 provides in pertinent part: When the owner of buildings, other construction permanently attached to the ground, or plantings nojjonger has the right to keep them on the land of another, he may remove them subject to his obligation to restore the property to its former condition. If he does not remove them within 90 days after written demand, the owner of the land acquires ownership of the improvements and owes nothing to their former owner.
Article 493.1 provides in pertinent part: *699 Things incorporated in or attached to an immovable so as to become it component parts ... belong to the owner of the immovable.
Plaintiffs are not entitled to reimbursement under these articles. Nor are they entitled to reimbursement under the rules of accession (La C.C. Art 496, Constructions by Possessor in Good Faith, and La C.C. Art 497, Constructions by Possessor in Bad Faith) since they are not possessors within the meaning of Louisiana law. Plaintiffs may have a claim for reimbursement under a theory of unjust enrichment but, to date, they have not advanced such a theory. Thus, since plaintiffs’ present pleadings fail to state a cause of action that would allow them to be reimburse, this claim is moot. Consequently, defendant’s exception of prescription is moot. The parties may still pursue their other claims.”
Plaintiffs appealed and this Court set aside the judgment and remanded the matter for trial “on all the issues presented by all the pleadings.” Wilson v. Capitano, 92-CA-188 (5th Cir.1992), 601 So.2d 393. The matter proceeded to trial and judgment was rendered, again dismissing plaintiffs’ claims.
On appeal, plaintiffs present two issues for review; the validity of the August 1, 1985 dation en paiement concerning 1320 Rose Garden Drive and the correctness of the trial court ruling that plaintiffs are not entitled to reimbursement for improvements to 1129 Bonnabel Blvd.
Our review of the transcript shows substantial disputed facts. In its Reasons for Judgment, the trial court made the following factual findings:
At the time of her death on May 27, 1961, Josephine C. Capitano lived with her daughter, Rose Capitano Wilson, Rose’s husband, Jesse Wilson, and Rose’s brother, Paul Capitano, at 1125 Bonnabel Boulevard, Metairie, Louisiana. Paul Capitano obtained ownership of this property and an adjacent vacant lot at 1129 Bonnabel Boulevard through Josephine’s succession. Thereafter, Rose and Jesse built a house on the vacant lot. Paul, Rose, and Jesse moved into this new house.
Subsequently, Rose and Jesse bought a house at 1320 Rose Garden Drove (sic). When Paul married he and his wife moved into this house. Rose and her family continued to live at 1129 Bonnabel Drive (sic).
15This living arrangement continued until August 1985 when a Dation en Paiement (dation) executed by plaintiffs, Rose Capi-tano Wilson and her two sons, Ronnie and Terry Wilson (plaintiffs), was recorded in the Conveyance of Records (sic) for the Parish of Jefferson which evidenced that a dation had passed title of the property located at 1320 Rose Garden Drive from the Wilsons to Paul Capitano. On April 7, 1987, plaintiffs filed a petition requesting that the court rescind the dation claiming that they were coerced by Paul to execute the dation.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
The suit thus involves the following two claims by plaintiffs: The first is plaintiffs’ claim for reimbursement for expenses incurred for improvements that plaintiffs claimed that they made to the property at 1129 Bonnabel Boulevard. This claim was previously denied for reasons stated by this court in its June 19, 1991 judgment.
The second is plaintiffs’ request for the annulment and recession of the dation based on plaintiffs’ allegation that they were coerced into signing the document. The court finds that plaintiffs did not carry their burden of prove (sic): the notary to the dation, Larry Falgout, testified by way of deposition, that subsequent to executing the dation, Rose appeared before him personally and acknowledged that she did sign the dation. Rose made no mention to Mr. Falgout that she was threatened or, in any way, forced to sign the dation. Additionally, Ronnie and Terry are former police officers. It is hard for this court to imagine that they could feel threatened in any way by their elderly uncle into signing the dation. It is further hard for this court to imagine that Ronnie and/or Terry would allow their mother to be threaten (sic) and/or coerced into signing the dation against her own free will.
*700 Plaintiffs offered no prove (sic) that they were coerced into signing the dation.”
Plaintiffs contend the trial court erred in failing to accept the testimony of a court appointed handwriting expert who testified it was his opinion Ms. Wilson did not sign the promissory note and that he was not positive concerning whether Ms. Wilson signed an affidavit from her mother’s succession. Thus, plaintiffs contend, because there was no underlying debt to support the dation, the dation must fall. Defendant points to numerous inconsistencies in Ms. Wilson’s testimony and the fact that the notary public who paraphed the promissory note, Leroy Falgout, testified Ms. Wilson signed the document in his presence. Additionally, the notary on the dation[1] testified she met with Ms. Wilson and Mr. Capitano several days after the dation was executed, discussed the I ^properties in question, and was never advised there was a problem with the execution of the dation. Based on the record before us, we cannot say the trial court committed manifest error in finding the documents were signed by Ms. Wilson.
Secondly, plaintiffs contend the dation must fall because it is lesionary. According to plaintiffs, the Rose Garden property was worth $55,100.00 at the time the dation was executed and the debt was zero because it had prescribed. Thus, the transaction was clearly lesionary.
Defendant contends the debt was worth $51,000.00 at the time the dation was executed and therefore the transaction was not lesionary. Defendant contends that because plaintiffs acknowledged the debt as the amount due in paragraph 10 of their verified petition, prescription is interrupted. Furthermore, Ms. Wilson has continuously acknowledged the debt, including in the 1977 succession of her husband, Jesse Wilson.
We agree with the position advanced by defendant. Although it appears no payments were made on the 1972 note, prescription was interrupted by plaintiffs acknowledgment of the debt in the succession of her husband and in the petition filed in these proceedings. LSA-C.C. art. 1853.[2] Because the debt remained due, the transaction was not lesionary.
Finally, plaintiffs contend they should be reimbursed for improvements to the Bon-nabel Boulevard property. We agree with the trial court’s analysis of this issue. Since plaintiffs have not removed the improvements within 90 days of demand, defendant has acquired ownership of the improvements. LSA-C.C. arts. 493 and 493.1.
For the foregoing reasons, the trial court judgment is affirmed. Each party to bear his own costs.
AFFIRMED.

. The dation is an act under private signature duly acknowledged.

. LSA-C.C. art. 1853 provides:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.